1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMESSE GAMBLE, | ) | 1:08-CV-00877 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE CASE |
| CALIFORNIA STATE PRISON, | ) | |
| CORCORAN, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 12, 2008, Petitioner filed a consent form indicating consent to jurisdiction of the Magistrate Judge.

On December 28, 2006, Petitioner was found guilty of battery on a peace officer while incarcerated at California State Prison, Corcoran. See Petition at 2. Petitioner was given a term in the Secured Housing Unit as a result. Id. Petitioner claims he pursued his administrative remedies at every level. However, Petitioner acknowledges not having presented his claims to any state court. Id. at 3.

On June 23, 2008, Petitioner filed the instant federal petition for writ of habeas corpus.

1

**DISCUSSION**

2 <u>A.  Preliminary Review of Petition</u>

3      Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

4      If it plainly appears from the petition and any attached exhibits that the petitioner is not
     entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
5      to notify the petitioner.

6 The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

7 habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

8 dismiss, or after an answer to the petition has been filed.  <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th

9 Cir.2001).

10 <u>B.  Exhaustion of State Remedies</u>

11      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

12 petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

13 exhaustion doctrine is based on comity to the state court and gives the state court the initial

14 opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501

15 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198,

16 1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

17      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

18 full and fair opportunity to consider each claim before presenting it to the federal court.  <u>Picard v.</u>

19 <u>Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.

20 1996).  A federal court will find that the highest state court was given a full and fair opportunity to

21 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

22 basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S.

23 1 (1992) (factual basis).

24      Additionally, the petitioner must have specifically told the state court that he was raising a

25 federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669

26 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999);

27 <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States Supreme Court

28 reiterated the rule as follows:

1
2
3
4
5

        In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

6

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

7
8
9
10
11
12
13
14
15

        Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
        In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

16

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

17
18

        In this case, Petitioner acknowledges that he has not presented his claims to the California courts. Thus, the instant petition is unexhausted and must be dismissed.  28 U.S.C. § 2254(b)(1).

19

C.  Certificate of Appealability

20
21
22
23
24

        In this circuit, under 28 U.S.C. § 2253(c), "a COA is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." <u>White v. Lambert</u>, 370 F.3d 1002, 1010 (9th Cir.2004); <u>see also</u> <u>Rosas v. Nielsen</u>, 428 F.3d 1229, 1232 (9th Cir.2005) (per curiam). As the target of Petitioner's habeas petition is an administrative disciplinary decision, not a state court proceeding, no COA is necessary. <u>Rosas</u>, 428 F.3d at 1232.

25

///

26

///

27

///

28

///

1

**ORDER**

2       Accordingly, IT IS HEREBY ORDERED:

3       1) The petition for writ of habeas corpus is DISMISSED without prejudice.[1]

4       2) The Clerk of Court is DIRECTED to enter judgment and terminate the case.

5

6        IT IS SO ORDERED.

7       **Dated:   August 25, 2008**              _____/s/ **Gary S. Austin**_____
                                                   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18
_____

19       [1]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning
to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second
20       petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

21                [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed
                  petition to instruct an applicant that upon his return to federal court he is to bring only
22                exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made
                  aware of the exhaustion requirement, no reason exists for him not to exhaust all potential
                  claims before returning to federal court.  The failure to comply with an order of the court
23                is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

24       Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court
and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.
25

26            Petitioner is further cautioned that there is a one year limitations period in which Petitioner must file a federal
petition for writ of habeas corpus.  28 U.S.C. §2244(d)(1).  In most cases, the one year period starts to run on the date the
27       California Supreme Court denies Petitioner's direct review.  Rose v. Lundy, 455 U.S. 509, 521-522.  The limitations period
is tolled while a properly filed request for collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  However, the
28       limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 531 U.S. 991
(2001).

U.S. District Court
E. D. California        cd                                          4